Submitted December 14, 2011, convictions for resisting arrest reversed and remanded with instructions to enter a judgment of conviction for one court of resisting arrest and for resentencing; otherwise affirmed July 18, 2012

STATE OF OREGON,
*Plaintiff,*

*v.*

THOMAS WAYNE BIRCHARD,
*Defendant.*

Tillamook County Circuit Court
096318; A144611 (Control)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

THOMAS WAYNE BIRCHARD,
*Defendant-Appellant.*

Tillamook County Circuit Court
096335; A144612

STATE OF OREGON,
*Plaintiff,*

*v.*

THOMAS WAYNE BIRCHARD,
*Defendant.*

Tillamook County Circuit Court
096380; A144613

284 P3d 1153

Garrett A. Richardson and Multnomah Defenders, Inc., filed the brief for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Laura S. Anderson, Senior Assistant Attorney General, filed the brief for respondent.

Before Brewer, Presiding Judge, and Haselton, Chief Judge.

BREWER, P. J.

**BREWER, P. J.**

Defendant appeals from a judgment convicting him of multiple offenses, including two counts of resisting arrest. ORS 162.315. In his sole assignment of error, defendant challenges as plain error the trial court's failure at sentencing to merge the two guilty verdicts for resisting arrest into a single conviction. We reverse and remand.

Because defendant was convicted following a jury trial, we set out the facts in the light most favorable to the state. *State v. Vidal*, 245 Or App 511, 513, 263 P3d 364 (2011), *rev den*, 351 Or 761 (2012). Officers Bomar and Kettner were dispatched to the Tillamook Eagles Lodge to investigate a report about an unwanted person on the premises. Both officers were in uniform. When the officers arrived at the lodge, they found defendant in the bar. Bomar talked to defendant and the lodge staff to determine why the lodge wanted defendant removed from the premises. Defendant talked to the officers about concerns relating to his lodge membership until he was given a time limit to leave; ultimately, defendant began to move away from the bar after gathering his belongings. The strap from defendant's camera grazed Bomar's nose as defendant took the camera off the bar, but Bomar decided not to make an issue of it. After defendant pushed his shoulder into her shoulder, however, Bomar decided to arrest him for harassment. Bomar and Kettner both told defendant that he was under arrest, and Bomar seized defendant's left arm while Kettner seized his right arm. Defendant tensed up and put his left arm above his head, requiring Bomar to pull it back down so that defendant could be handcuffed. Defendant tried to "squirrel away" from the officers as they attempted to handcuff him, but Kettner was able to sweep defendant's right leg out from under him. They all landed on the floor, where Kettner fastened the handcuff onto defendant's right arm and Bomar fastened the handcuff onto defendant's left arm. After defendant sat up, the officers observed a cut on his forehead that caused them to call for medical attention. Defendant had been smearing his face in his blood on the floor before being handcuffed.

Police Chief Wright, who also had responded to the scene, transported defendant to the hospital for medical treatment, and Kettner followed them in his own vehicle. After defendant was treated at the hospital, Wright and Kettner transported defendant to jail; Wright was driving, and Kettner was in the passenger seat. Kettner described the ensuing events as follows:

> "On the way down to the jail, he was still loud, yelling. When we turned on to Long Prairie Road, he slammed his head— in the back of the patrol car there is a wire mesh on one side and a Plexiglass screen right behind the driver. And he smashed his head into the Plexiglass screen. I mean, enough that I'm sitting in the front seat of the car and I remember jumping. It *** startled me. Kind of concerned that he—well, kind of concerned, I was concerned that he could [break] the wound open again."

In the ensuing criminal complaint, the state charged defendant with several offenses arising from the incident, including two counts of resisting arrest. The two counts were identical, except that one alleged that defendant had resisted Bomar in making an arrest, and the other alleged that defendant had resisted Kettner. At sentencing, the trial court entered separate convictions on each count of resisting arrest. Defendant did not object.

On appeal, defendant urges us to treat as plain error and correct the entry of separate convictions on the resisting arrest counts. An error is plain if it is a legal error that is obvious or not reasonably in dispute and the court need not go outside the record or select among competing inferences to discern it. *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990). If we conclude that an asserted error is plain, we must determine whether to exercise our discretion to address the error. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991). The state argues that the asserted error in this case is not plain because the legal premise underlying defendant's assertion is reasonably debatable.

We begin with the pertinent statutory framework. ORS 162.315 provides:

"(1) A person commits the crime of resisting arrest if the person intentionally resists a person known by the person to be a peace officer in making an arrest.

"(2) As used in this section:

"(a) 'Arrest' has the meaning given that term in ORS 133.005 and includes, but is not limited to, the booking process.

"(b) 'Resists' means the use or threatened use of violence, physical force or any other means that creates a substantial risk of physical injury to any person and includes, but is not limited to, behavior clearly intended to prevent being taken into custody by overcoming the actions of the arresting officer. The behavior does not have to result in actual physical injury to an officer. Passive resistance does not constitute behavior intended to prevent being taken into custody.

"(3) It is no defense to a prosecution under this section that the peace officer lacked legal authority to make the arrest or book the person, provided the peace officer was acting under color of official authority.

"(4) Resisting arrest is a Class A misdemeanor."

"Arrest," for purposes of ORS 133.005(1), "means to place a person under actual or constructive restraint or to take a person into custody for the purpose of charging that person with an offense."

Finally, ORS 161.067(3) provides, in pertinent part:

"When the same conduct or criminal episode violates only one statutory provision and involves only one victim, but nevertheless involves repeated violations of the same statutory provision against the same victim, there are as many separately punishable offenses as there are violations, except that each violation, to be separately punishable under this subsection, must be separated from other such violations by a sufficient pause in the defendant's criminal conduct to afford the defendant an opportunity to renounce the criminal intent."

In order for there to be separately punishable offenses against a single victim under ORS 161.067(3), one crime must end before the other begins. *State v. Watkins*, 236 Or App 339, 346, 236 P3d 770, *rev den*, 349 Or 480 (2010).

In *State v. Owens*, 159 Or App 80, 979 P2d 284 (1999), *rev den*, 330 Or 252 (2000), an officer had unsuccessfully attempted to arrest the defendant; when the officer radioed for help, three officers responded. The defendant attempted to resist their efforts to arrest him. In the ensuing prosecution, the state sought only a single conviction for the defendant's cumulative acts of resisting the officers. However, the defendant argued that he was entitled to a jury instruction that the jurors must agree on a particular act of resisting arrest committed against one of the officers in order to convict him under *State v. Boots*, 308 Or 371, 780 P2d 725 (1989).[1] We rejected the defendant's argument, concluding that, because the crime is one against public order, a defendant commits only one act of resisting arrest when he or she resists multiple officers acting in concert to take him into custody. *Owens*, 159 Or App at 86. However, we acknowledged that more than one charge for resisting arrest is permissible where multiple instances of qualifying conduct are separated by a sufficient intervening lapse of time. *Id.* So, for example, we noted that the state could have brought separate charges in *Owens* for the defendant's conduct in resisting the first officer's attempt to arrest him and his less successful effort to resist his ensuing arrest by the three-officer collective. *Id.*

Defendant argues that the trial court plainly erred in failing to merge his convictions for resisting arrest in this case because the state's effort to separately convict him for his conduct with respect to each of the officers who concurrently arrested him suffers from the identical flaw as the defendant's misplaced *Boots* argument in *Owens*. The state counters that whether the trial court erred is subject to reasonable debate because, "[a]lthough the record suggests that defendant's resistance to both officers was contemporaneous, it is possible, for example, that the jury considered defendant's behavior in the patrol car on the way to the police station, as 'resisting arrest.'"

---

[1] *Boots* and its progeny require that, under certain circumstances, a trial court instruct a jury that to convict a defendant of certain crimes, 10 of the jurors—or, in the case of first-degree murder, all of the jurors—must agree on the material elements of a charge. *State v. Lotches*, 331 Or 455, 472, 17 P3d 1045 (2000), *cert den*, 534 US 833 (2001); *Boots*, 308 Or at 376-77.

We conclude that the error is sufficiently obvious to qualify as plain error. The charging instrument in this case adopted the individualized victim theory of resisting arrest that we rejected in *Owens*. The state argues on appeal that the jury could have found a second incident of resisting arrest based on defendant's conduct inside the patrol vehicle. However, the state did not argue to the jury at trial that that incident constituted an instance of resisting arrest. In fact, the prosecutor did not even refer to defendant's conduct inside Wright's vehicle in his opening statement or closing argument to the jury. Instead, the prosecutor's theory of resisting arrest, as articulated at trial, related exclusively to defendant's conduct of resisting Bomar and Kettner inside the lodge.

In sum, we conclude that the state's theory of resisting arrest here tracked the individual victim approach that this court rejected in *Owens*. Because defendant committed a single offense of resisting the contemporaneous efforts of the two officers to arrest him inside the lodge, in failing to merge the charges into a single conviction, the trial court committed a legal error that is not reasonably in dispute and is apparent on the record in this case.

We next consider whether to exercise our discretion to address the error. The state posits only one reason why we should not correct the error: "[d]espite several opportunities to bring the alleged error to the trial court's attention— by demurring to the indictment, excepting to the jury instructions, moving for judgment of acquittal or requesting merger at the sentencing hearing, defense counsel failed [to] alert the court below to the error defendant now claims was obvious." Although defendant's failure to preserve the error is an appropriate consideration, *see Ailes*, 312 Or at 382 n 2, we have repeatedly held that, in most circumstances, the state does not have a compelling interest in salvaging multiple convictions when only one is lawful. *See, e.g., State v. Donner*, 230 Or App 465, 469, 215 P3d 928 (2009) (holding that, "[g]iven that our burden in reviewing and correcting the error is minimal and that sentencing defendant according to the law serves the ends of justice, we elect to exercise our

discretion to correct the error here"). In our view, that is the overriding factor at play here. Accordingly, we exercise our discretion to correct the error.

Convictions for resisting arrest reversed and remanded with instructions to enter a judgment of conviction for one count of resisting arrest and for resentencing; otherwise affirmed.