544 June 10, 2026 No. 533

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSUE NEHEMIAS ALDANA-OLIVIA,
*Defendant-Appellant.*

Washington County Circuit Court
23CR52880; A185555

Kathleen J. Proctor, Judge.

Submitted March 3, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stacy M. Du Clos, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Kyleigh Gray, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

HELLMAN, J.

Convictions for resisting arrest reversed and remanded with instructions to enter a judgment of conviction for one count of resisting arrest and for resentencing; otherwise affirmed.

**HELLMAN, J.**

Defendant appeals a judgment of conviction for first-degree rape, ORS 163.375; first-degree sexual abuse, ORS 163.427; strangulation, ORS 163.187; first-degree burglary, ORS 164.225; menacing, ORS 163.190; interference with making a report, ORS 165.572; two counts of resisting arrest, ORS 162.315; and fourth-degree assault, ORS 163.160. He raises three assignments of error. For the reasons that follow, we reverse and remand for resentencing and otherwise affirm.

*Prosecutor Remarks*: In his first assignment of error, defendant argues that the prosecutor's statement concerning the state's failure to present DNA evidence deprived him of a fair trial and thus constituted reversible plain error under *State v. Chitwood*, 370 Or 305, 518 P3d 903 (2022). Under *Chitwood*, to establish plain error based on a prosecutor's statements to a jury, a defendant must establish both that the statements were improper, in that they encouraged the jury to decide the case on an improper basis, and that the statements "were so prejudicial that an instruction to disregard them would not have been sufficiently curative." *Id.* at 312. To establish that a prosecutor's statement was plainly improper, it is insufficient that "some jurors *could* have understood the prosecutor to have *** distorted the burden of proof or placed the state on equal footing with [the] defendant in the jury's eyes." *State v. Perez*, 373 Or 591, 607, 568 P3d 940 (2025) (emphasis added). Rather, a defendant must establish that it is "obvious and not reasonably in dispute that one or more of the prosecutor's statements would have had such an effect on the jury." *Id.* (internal quotation marks omitted).

Here, defendant challenges remarks made by the prosecutor during rebuttal. At trial, defendant's ex-girlfriend, T, testified that, during an hours-long domestic-violence incident, defendant had penetrated her vagina with his penis through her underwear but did not ejaculate. A sergeant who responded to the incident testified that he did not collect T's underwear during his investigation because, "To [his] knowledge, there wasn't any penetration that had

occurred. There was no ejaculation. I didn't believe it was necessary to collect [T's clothing]."

During closing argument, defendant pointed out that the state had failed to collect certain physical evidence, which defendant argued would have aided the jury's deliberations:

"Now, there's evidence the state could have collected. There's things that they didn't think they needed in this case. They didn't get what's called a SANE evaluation. That's what's also known as a—colloquially as a 'rape kit.' They didn't do any DNA testing of [T] or [T's] clothing. They didn't even think it was necessary to collect any of [T's] clothing from that night, collect her underwear from that night. You heard [the sergeant] say, 'I didn't think we needed to do that.'

"Well, it turns out it would have been useful evidence to have. But you don't have it and you can't consider it, other than the fact that it's not there and it would be nice to have it so you could have a better idea. And that's the problem with this case. The state didn't follow through on the details they needed to."

In rebuttal, the state responded to that line of argument:

"So let's think about reasonable doubt. The question was put to you by [defense] counsel, well, if you have any doubt that, therefore, somehow he's not guilty because you now have a doubt. This is not a case about all doubt. This is reasonable doubt. Use common sense and reason and eliminate any unreasonable doubts in your analysis.

"* * * * *

"There is physical evidence that supports each and every one of the things that [T] is describing. No, there is no DNA testing because she indicated that he never ejaculated. So there would be no DNA to test. That is unreasonable doubt. Just because there was no DNA test, that doesn't create a reasonable doubt. That's a red herring. There was no DNA to test, and she never indicated that there was.

"* * * * *

"So don't allow yourself to go down a rabbit hole that doesn't have any relevance or doesn't explain anything in the case anyway. That would be an unreasonable doubt."

(Emphasis added.) As defendant emphasizes, the evidence presented at trial did not establish that, in the absence of ejaculate, the state would necessarily be unable to conduct DNA testing of T's clothing. Thus, defendant argues that the prosecutor's statement regarding the absence of DNA evidence improperly referenced facts not in evidence and shifted the burden of proof.

We conclude that the prosecutor's statement was not obviously improper because it is not beyond reasonable dispute that the statement referenced facts not in evidence or misstated the state's burden of proof. The prosecutor's statement that there was no DNA testing because "she indicated that he never ejaculated," and accordingly, "there would be no DNA to test," could have been understood as a reference to T's testimony that defendant did not ejaculate, and to the sergeant's testimony that, because defendant did not ejaculate, the sergeant did not believe it was necessary to collect T's clothing. For that reason, this case is different from the comments made by the prosecutor in *State v. Camirand*, 314 Or App 791, 499 P3d 154 (2021), where the prosecutor went so far as to offer an explanation for the state's lack of DNA testing, specifically, that DNA tests take "four to six months" to process and thus "the state had no ability to get DNA in that short period of time whenever a jury trial was requested." *Id.* at 795 (internal quotation marks omitted). Those comments impermissibly introduced facts that were not in the record, and we concluded that the trial court erred in overruling the defendant's objection to them. *Id.* By contrast, here, the prosecutor's comments could have been understood as referring to specific pieces of testimony, and we thus conclude that, in a plain-error posture, the comments were not obviously improper.

Moreover, the prosecutor's comments, though perhaps inartful, did not obviously shift the burden of proof to defendant. Rather, the prosecutor's statement that the lack of DNA evidence was "unreasonable doubt" and was a "red herring" could have been understood as clarifying the state's burden of proof and as suggesting that the state had met that burden notwithstanding the lack of DNA evidence. *See State v. Dumdei*, 337 Or App 246, 252, 562 P3d 634,

*rev den*, 373 Or 736 (2025) ("[I]f defense counsel invites the factfinder to consider nonadmitted evidence as undermining the state's case, the prosecutor is entitled to respond \* \* \* so long as that response comports with the proper allocation of the burden of proof." (Internal quotation marks omitted.)). We thus conclude that, because the prosecutor's statements were not obviously improper, the trial court did not plainly err in failing to *sua sponte* declare a mistrial.

*Merger of Counts 11 and 12 for Resisting Arrest*: In his second assignment, defendant argues that the trial court plainly erred in failing to merge the guilty verdicts for resisting arrest. The state concedes that the trial court erred, and we accept that concession. *See State v. Birchard*, 251 Or App 223, 229, 284 P3d 1153 (2012) ("Because [the] defendant committed a single offense of resisting the contemporaneous efforts of the two officers to arrest him[,] \* \* \* in failing to merge the charges into a single conviction, the trial court committed a legal error that is not reasonably in dispute and is apparent on the record[.]"). We exercise our discretion to correct the error because, "in most circumstances, the state does not have a compelling interest in salvaging multiple convictions when only one is lawful." *Id.* We therefore reverse and remand with instructions to enter a judgment of conviction for one count of resisting arrest and for resentencing.

*Consecutive Sentence on Count 2*: Finally, in his third assignment, defendant argues that the trial court erred by ordering that he serve his sentence for first-degree sexual abuse consecutively to his sentence for first-degree rape. Defendant contends that that was impermissible under ORS 137.123(5)(b), which provides that a trial court may impose a consecutive sentence for "separate convictions arising out of a continuous and uninterrupted course of conduct" if the court finds that "[t]he criminal offense for which a consecutive sentence is contemplated caused or created a risk of causing greater or qualitatively different loss, injury or harm to the victim[.]" In his view, "the sexual abuse was merely incidental to the rape charge" and thus, could not have caused or risked harm that was qualitatively different than the harm caused by his conduct of rape.

However, under ORS 137.123(5)(a), the trial court may also impose a consecutive sentence for continuous and uninterrupted conduct if "the criminal offense for which a consecutive sentence is contemplated was not merely an incidental violation of a separate statutory provision in the course of the commission of a more serious crime but rather was an indication of defendant's willingness to commit more than one criminal offense." And as the state points out, in addition to its finding that defendant's conduct created a risk of greater or qualitatively different harm to the victim, the trial court also found that, "as far as consecutive versus concurrent crimes, there's an indication here that the defendant was willing to commit more than one criminal offense."

Defendant does not challenge the imposition of consecutive sentences under ORS 137.123(5)(a), and we agree with the state that the record here is sufficient to support the trial court's conclusion that the consecutive sentences were authorized by that statutory provision. Specifically, T testified that, over the course of several hours, defendant subjected her to multiple unwanted sexual encounters, including "biting [her] breasts" and "grop[ing her] vagina multiple times in the several hours [they] were in that cycle of remorse/violent/sexual." Thus, the evidence permitted the trial court to conclude that the offenses at issue were "temporally [and] qualitatively distinct" such that defendant's sexual abuse of T was not merely incident to the rape and evidenced "a separate and distinct intent" to commit the crime to be consecutively sentenced (here, sexual abuse). *See State v. Tajipour*, 299 Or App 219, 228-29, 450 P3d 523 (2019), *rev'd on other grounds*, 366 Or 551, 466 P3d 58 (2020) (concluding that consecutive sentences were permissible under ORS 137.123(5)(a) because "[the] defendant could have willingly sexually abused [the victim] without later sodomizing her, just as he could have willingly sodomized her without also forcibly touching her breast and vagina" and "[h]is choice to commit each of those separate acts amply supports the trial court's finding that [the] defendant had a willingness to keep pursuing his sexual gratification in various ways" (internal quotation marks and brackets omitted)).

Convictions for resisting arrest reversed and remanded with instructions to enter a judgment of conviction for one count of resisting arrest and for resentencing; otherwise affirmed.