Submitted on record and briefs February 28, affirmed April 11, 2007

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## ANDY CHAVEZ GONZALEZ,
aka Andy Chaves-Gonzalez,
*Defendant-Appellant.*

### Washington County Circuit Court
C032034CR; A129039

157 P3d 266

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, Legal Services Division, and David Ferry, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Anna M. Joyce, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

Defendant appeals a judgment revoking his probation. He assigns error to the trial court's admission of hearsay evidence at his probation revocation hearing. According to defendant, the admission of that evidence violated his Sixth Amendment confrontation right as articulated by the Supreme Court in *Crawford v. Washington*, 541 US 36, 124 S Ct 1354, 158 L Ed 2d 177 (2004). The state responds that probation revocation hearings are not criminal prosecutions to which the principles in *Crawford* apply. We agree with the state and affirm.

The relevant facts are not in dispute. Defendant was convicted of possession of a controlled substance (PCS) and driving under the influence of intoxicants (DUII). The trial court suspended the imposition of sentence and placed defendant on probation for 18 months. Among the conditions of probation were that defendant not drive unless properly licensed and insured and that defendant not consume or possess alcohol.

Less than a year later, defendant was stopped by a patrol officer while driving. Defendant did not have a valid driver's license at the time of the stop. Moreover, he had been drinking in a bar shortly before the stop, and he refused the officer's request that he take a breath test. At a subsequent probation revocation hearing, defendant's probation officer testified regarding those violations. Defendant objected to that testimony on the ground that it was inadmissible hearsay under *Crawford*. The trial court overruled that objection, explaining that, under ORS 40.015, hearsay is allowed in probation revocation hearings. The court found defendant to be in violation of his probation and issued a judgment extending the length of his probation.

On appeal, defendant argues that the trial court erred in overruling his objection to the hearsay testimony. He contends that, under *Crawford*, he has a Sixth Amendment right to confront witnesses who testify against him. The state responds that *Crawford* does not apply to this case, because the Sixth Amendment applies only to criminal proceedings,

not to other kinds of proceedings such as probation revocation hearings.

In *Crawford*, the Supreme Court interpreted the Sixth Amendment's Confrontation Clause to prohibit the admission of an out-of-court testimonial statement—even one that might otherwise fall within a traditional exception to the rule against hearsay—where the defendant has not been afforded the opportunity to cross-examine the declarant. The question in this case is whether *Crawford* applies to probation revocation proceedings.

*Crawford* is explicitly based on the Sixth Amendment. The Sixth Amendment to the United States Constitution provides that *"[i]n all criminal prosecutions,* the accused shall enjoy the right * * * to be confronted with the witnesses against him."* (Emphasis added.) By its terms, the amendment applies only to criminal prosecutions. The United States Supreme Court has made plain that, by "criminal prosecutions," the Sixth Amendment refers to criminal *trials*. *See, e.g., Pennsylvania v. Ritchie*, 480 US 39, 52-53, 107 S Ct 989, 94 L Ed 2d 40 (1987) ("The opinions of this Court show that the right to confrontation is a trial right."); *California v. Green*, 399 US 149, 157, 90 S Ct 1930, 26 L Ed 2d 489 (1970) ("[I]t is this literal right to 'confront' the witness at the time of trial that forms the core of the values furthered by the Confrontation Clause.").

The Court also has made clear that a probation revocation hearing is not a trial; that is, it is not a criminal proceeding that is subject to the Sixth Amendment right of confrontation. *See, e.g., Gagnon v. Scarpelli*, 411 US 778, 782, 93 S Ct 1756, 36 L Ed 2d 656 (1973) (revocation proceeding "is not a stage of a criminal prosecution"). Our own cases likewise make clear that a probation revocation hearing is not a criminal proceeding. As we explained in *State v. Kissell*, 83 Or App 630, 634, 732 P2d 940, *rev dismissed*, 303 Or 369 (1987),

> "[a] probation revocation is not a criminal proceeding. It does not require proof of an offense and does not punish a new offense. The rules of evidence generally do not apply. A

violation of a condition of probation may be proved by a preponderance of the evidence rather than by proof beyond a reasonable doubt."

(Citations omitted.) *See also State v. Maricich*, 101 Or App 212, 214, 789 P2d 701 (1990) ("[A] probation revocation proceeding is not a criminal prosecution.").

Because a probation revocation hearing is not a criminal proceeding, it necessarily follows that the Sixth Amendment does not apply and that *Crawford* does not preclude the admission of hearsay testimony in the absence of an opportunity to cross-examine the declarant. In reaching that conclusion, we note that every federal circuit court that has addressed the issue has adopted similar reasoning and reached the same conclusion. *See United States v. Rondeau*, 430 F3d 44, 48 (1st Cir 2005); *United States v. Hall*, 419 F3d 980, 985-86 (9th Cir), *cert den*, 126 S Ct 838 (2005); *United States v. Kirby*, 418 F3d 621, 627-28 (6th Cir 2005); *United States v. Aspinall*, 389 F3d 332, 342-43 (2nd Cir 2004), *abrogated on other grounds by United States v. Fleming*, 397 F3d 95 (2d Cir 2005); *United States v. Martin*, 382 F3d 840, 845 (8th Cir 2004).

Defendant insists that the foregoing conclusion is inconsistent with the holding of the United States Supreme Court in *Morrissey v. Brewer*, 408 US 471, 92 S Ct 2593, 33 L Ed 2d 484 (1972). In *Morrissey*, the Court concluded that, although the federal constitution does not grant a parolee the "full panoply of rights" due a defendant in a criminal prosecution, the Due Process Clause of the Fourteenth Amendment does grant a parolee the right to confront witnesses in certain circumstances. *Id*. at 480. The rights guaranteed by the Sixth Amendment and those guaranteed by the Due Process Clause of the Fourteenth Amendment are not coextensive, however. *See Gagnon*, 411 US at 781-82. In this case, defendant's objection to the trial court was based solely on *Crawford* and the Sixth Amendment; he did not mention or rely on the Due Process Clause. Likewise, on appeal, defendant's sole contention is that "[t]he trial court erred in overruling defendant's objection to the hearsay testimony of defendant's probation officer in violation of *Crawford*." We

therefore do not address whether, or to what extent, the Due Process Clause may grant the right to cross-examine witnesses in a probation revocation proceeding.

We conclude that the trial court did not err in over-ruling defendant's objection to the admission of the hearsay testimony of his probation officer.

Affirmed.