Argued and submitted August 27, conviction for felon in possession of firearm (Count 10) vacated; remanded with instructions to determine whether currently charged and previous felon in possession of firearm offenses involved same firearm and, if so, whether defendant's possession of that firearm throughout period between two charged episodes was continuous and uninterrupted; if so, court shall dismiss Count 10, otherwise, it shall reinstate defendant's conviction on that count; otherwise affirmed October 15, 2008

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## RONALD JAMES CANTRELL, JR.,
aka Ronald James Cantrell,
*Defendant-Appellant.*

### Multnomah County Circuit Court
050432002; A132381

195 P3d 451

Kristin Carveth, Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Legal Services Division, Office of Public Defense Services.

Doug M. Petrina, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Brewer, Chief Judge, and Schuman, Judge, and Riggs, Senior Judge.

BREWER, C. J.

## BREWER, C. J.

Defendant was convicted of several offenses based on an incident in which he robbed at gunpoint a man who was visiting the home of defendant's former girlfriend. Defendant assigns error to the trial court's denial of his motion to dismiss on former jeopardy grounds one of the charges, felon in possession of a firearm, based on his previous conviction for felon in possession of the same firearm.[1] The trial court denied defendant's motion on the ground that he possessed the weapon during separate episodes. For the reasons explained below, we agree with the parties that the trial court applied an erroneous standard in its determination. We therefore vacate and remand the felon in possession of a firearm conviction, and otherwise affirm.

■    As he did before the trial court, defendant argues on appeal that he was "prosecuted twice for the same offense" in violation of ORS 131.515(1). Defendant asserts that a continuous, uninterrupted possession of the same firearm constitutes only one offense of felon in possession of a firearm for purposes of ORS 131.515(1). Defendant also asserts that the state had the burden to prove beyond a reasonable doubt that he did not continuously, without interruption, possess the firearm throughout the period between the two charged episodes.

In denying defendant's motion to dismiss, the trial court focused on ORS 131.515(2), which provides that "[n]o person shall be separately prosecuted for two or more offenses based upon the same criminal episode, if the several offenses are reasonably known to the appropriate prosecutor at the time of commencement of the first prosecution and establish proper venue in a single court." The court concluded that, because defendant's possession of the firearm as described in the two indictments involved separate criminal episodes, the instant prosecution was not barred. However, as the state concedes on appeal, the trial court did not correctly apply ORS 131.515(1).[2] As we now explain, even

---

[1] Defendant also assigns error to the trial court's failure to merge his first- and second-degree robbery convictions. We reject that assignment of error without discussion. *See* ORS 161.067(1).

[2] In succinct terms, ORS 131.515(1) provides that "[n]o person shall be prosecuted twice for the same offense."

though the two charges alleged separate criminal episodes, defendant is entitled to dismissal of the current charge if his possession of the same firearm throughout the period between the two episodes was continuous and uninterrupted.

■      Under ORS 131.515(1), the term "offense" refers narrowly to the offense that the legislature defined. *State v. Cox*, 336 Or 284, 294-95, 82 P3d 619 (2003). Thus, "a defendant may not be prosecuted twice for conduct that the legislature has defined as a single crime." *Id.* "ORS 131.515(1) prohibits a prosecutor from dividing a single crime into multiple parts and successively prosecuting a defendant two or more times on that basis." *Id.* at 295. The determination of whether a defendant has been prosecuted twice for the same offense hinges on "the allowable unit of prosecution," which, in turn, depends on legislative intent. *Id.* at 289 n 5. As an illustration of that principle, in *Cox*, the Supreme Court held that a defendant's separate acts of taking and receiving the same property constituted a single theft under ORS 164.015 and thus were a single aggravated theft under ORS 164.057. As a result, the defendant's prosecution for theft by taking in one county was for the same crime as his previous conviction for theft by receiving the stolen property in another; the second prosecution therefore violated ORS 131.515(1). *Cox*, 336 Or at 295.

■      In this case, defendant's motion presented for determination the issue of what is the allowable unit of prosecution for the offense of felon in possession of a firearm. That is a matter of legislative intent. ORS 166.270(1) provides:

> "Any person who has been convicted of a felony under the law of this state or any other state, or who has been convicted of a felony under the laws of the Government of the United States, *who owns or has in the person's possession or under the person's custody or control any firearm* commits the crime of felon in possession of a firearm."

(Emphasis added.) The fact of possession, for purposes of the criminal code, is "a criminal act of a continuing nature." *State v. Boyd*, 271 Or 558, 570, 533 P2d 795 (1975). Thus, where the other elements of the offense are established, the continuous, uninterrupted possession of a single firearm constitutes one offense of felon in possession of a firearm. It follows

that the dispositive factual issues before the trial court were whether the two charges involved a single firearm and, if so, whether defendant continuously, without interruption, possessed the firearm throughout the period between the two charged episodes.

██ Defendant is mistaken, though, in asserting that the state bears the burden of proof on those factual issues. A defendant bears the burden of proving the elements of a former jeopardy defense under ORS 131.515(1). As we explained in *State v. Fore*, 185 Or App 712, 715, 62 P3d 400 (2003), a former jeopardy challenge under that statute has three elements: "(1) the separate prosecutions are for two or more offenses that are part of the same criminal episode; (2) the offenses were known to the prosecutor when the first prosecution was commenced; and (3) venue was proper in a single court." "It is a defendant's burden to prove each element of former jeopardy, and, normally, a failure to prove any element would doom his former jeopardy challenge." *State v. Lyons*, 161 Or App 355, 360, 985 P2d 204 (1999) (citations omitted).

Under ORS 135.470 and ORS 135.520, the defendant must raise the issue by a pretrial motion to dismiss, which the trial court decides as a matter of law. To decide such a motion, however, the trial court must necessarily resolve any factual issues, a role that the statute implicitly commits to it. *State v. Watson*, 193 Or App 757, 761, 91 P3d 765, *rev den*, 337 Or 476 (2004). As discussed, the successive felon in possession charges would be for the same offense if defendant continuously possessed the same firearm throughout the period between the two charged episodes. However, the trial court failed to address that issue. In *Watson*, in similar circumstances to those present here, we reversed and remanded for a new hearing on the defendant's former jeopardy defense to determine whether consecutive theft prosecutions involved the same property. We explained:

> "In this case, the question is whether the property involved in the Yamhill County indictment was also included in the Jackson County indictment. Again, that is a decision for the trial court to make in the first instance. We

remand for it to do so, taking any additional evidence that it believes would be helpful to that decision."

*Watson,* 193 Or App at 762.

This case calls for a similar approach. We remand for the trial court to take further evidence and make the pertinent findings. The factual issues are whether the pertinent felon-in-possession-of-a-firearm offenses involved the same firearm and, if so, whether defendant's possession of that firearm throughout the period between the two charged episodes was continuous and uninterrupted.

Conviction for felon in possession of firearm (Count 10) vacated; remanded with instructions to determine whether currently charged and previous felon in possession of firearm offenses involved same firearm and, if so, whether defendant's possession of that firearm throughout period between two charged episodes was continuous and uninterrupted; if so, court shall dismiss Count 10. Otherwise, it shall reinstate defendant's conviction on that count; otherwise affirmed.