STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RICHARD DUSTIN O'DELL,
*Defendant-Appellant.*

Marion County Circuit Court
11C46931; A151261

330 P3d 1261

Jason E. Thompson argued the cause for appellant. With him on the brief was Ferder Casebeer French & Thompson, LLP.

Paul Smith, Attorney-in-Charge, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Susan G. Howe, Senior Assistant Attorney General.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

EGAN, J.

**EGAN, J.**

After police discovered four firearms in a cabinet in the house where he was living, defendant was charged with four counts of being a felon in possession of a firearm, ORS 166.270. A witness had seen defendant handling two different firearms on two separate occasions. Later, while executing a search warrant at the residence, the police discovered two additional firearms in a cabinet alongside the two that defendant had been seen handling. A jury found defendant guilty on all four counts. He appeals the resulting judgment of conviction. We write to address only his challenges to (1) the trial court's denial of his motions for a judgment of acquittal (MJOAs) on the counts concerning the two firearms that he was not seen handling and (2) the denial of his motion to merge the four guilty verdicts into a single conviction.[1] We conclude that there was no error in the denial of defendant's MJOAs, but that the four verdicts should have merged into a single conviction.

"Our standard for reviewing the denial of the motion for judgment of acquittal is whether, viewing the evidence in the light most favorable to the state, any rational trier of fact could have found that the essential elements of the crime had been proved beyond a reasonable doubt." *State v. Paragon*, 195 Or App 265, 267, 97 P3d 691 (2004). In accordance with that standard, the facts are as follows. Defendant, a convicted felon, was living at his father's home. On December 7, 2010, defendant's wife visited him there. Defendant disappeared from his wife's view and returned holding a handgun. He showed it to his wife, asked her to hold it, and inquired whether she thought it was the type of firearm she could handle. The handgun was a Star Eibar 9mm.

Defendant's wife testified that a similar event had occurred early in the summer of 2011, when she was again at the home of defendant and his father. That time, defendant left his wife's view and returned with a Bushmaster .223 rifle.

The police procured a warrant to search for firearms in the home. While executing that warrant in June 2011,

---

[1] With the exception noted below, 264 Or App at 311 n 6, we have considered defendant's remaining assignments of error and reject them without discussion.

the police opened a cabinet in the bedroom of defendant's father. One of the officers testified that the cabinet was locked when they arrived, but that the key was in the lock. Defendant's sister testified that the key was "always" on top of the cabinet, and that her father rarely locked things. Defendant's wife testified that defendant had access to his father's bedroom. Inside the cabinet were four firearms that formed the bases for the charges at issue: a Bushmaster .223 (Count 1), a TEC 9 (Count 2), a Star Eibar 9mm (Count 3), and a Smith and Wesson .357 Airlite (Count 4). The state brought those charges by way of an information; each count was identically worded, except for the description of the firearm at issue. Count 1, for example, read, "The defendant, on or between December 1, 2010 to June 25, 2011, in Marion County, Oregon, having previously been convicted [of a felony], did unlawfully and knowingly own and have in said defendant's possession, custody and control a firearm, to wit: a Bushmaster [.]223 rifle."[2]

Defendant moved for judgments of acquittal on Counts 2 and 4 at the close of the state's case. He did not dispute that there was sufficient evidence for purposes of an MJOA to find that he had possessed the Bushmaster .223 and the Star Eibar 9mm. Instead, he argued that there was insufficient evidence from which to conclude that he had, beyond a reasonable doubt, owned, possessed, or had the other two firearms under his control or custody. The trial court denied the motions.

A jury returned guilty verdicts on all four counts. At sentencing, defendant argued that the four verdicts should merge into a single conviction under ORS 161.067(3). The trial court rejected that argument and instead entered judgment reflecting four separate convictions. This timely appeal followed.

We begin with defendant's assignments of error to the denial of his MJOAs on Counts 2 and 4.[3] ORS 166.270(1) provides, in pertinent part:

---

[2] Defendant executed a written waiver of his right to indictment by grand jury shortly before trial.

[3] We must resolve those assignments despite our conclusion below that the trial court should have merged the verdicts into a single conviction. *See State*

"Any person who has been convicted of a felony under the law of this state or any other state, or who has been convicted of a felony under the laws of the Government of the United States, who owns or has in the person's possession or under the person's custody or control any firearm commits the crime of felon in possession of a firearm."

ORS 161.015(9) defines possession for purposes of ORS 166.270: "'Possess' means to have physical possession or otherwise to exercise dominion or control over property."[4] Defendant asserts that there was legally insufficient evidence to conclude that he owned, possessed, or had in his custody or control either the TEC 9 or the Smith and Wesson. He does not attack the sufficiency of the state's evidence with respect to any other element of the crime. Defendant argues that the state proved, at most, that he had access to the firearms, and that access is not enough to show possession, custody, or control within the meaning of ORS 166.270(1).[5] The state counters that the evidence was sufficient to show that defendant had constructive possession of all of the firearms in the cabinet and that the statute, as applied in our case law, does not require proof that defendant exercised that custody or control.

The present case does not require us to explore the bounds of the interrelated (and perhaps indistinguishable) concepts of possession, control, or custody. *See State v. Casey*, 346 Or 54, 58, 203 P3d 202 (2009) ("Ownership, possession, custody, and control are related and often overlapping concepts."). That is because our case law is clear that ORS 166.270 criminalizes constructive as well as actual possession, and the state was thus not required to show that defendant actually handled the firearms in question in order to obtain a conviction under ORS 166.270. *See Casey*, 346 Or at 59 ("ORS 166.270 prohibits constructive as well as actual

*v. Link*, 346 Or 187, 199, 208 P3d 936 (2009) ("The question whether a person is guilty as charged has an independent significance that cannot be foreclosed by later merger. Merger presumes the validity of the convictions being merged; acquittals do not merge with convictions.").

[4] The Supreme Court has stated that the definition of "possess" in ORS 161.015(9) applies to the term "possession" in ORS 166.270. *State v. Casey*, 346 Or 54, 59, 203 P3d 202 (2009).

[5] The state does not suggest that there was sufficient evidence for a reasonable factfinder to conclude that defendant owned the firearms.

possession."); *State v. Normile*, 52 Or App 33, 39, 627 P2d 506 (1981) ("Possession, as control or the right to control, may be actual or constructive and may be proved by circumstantial evidence."); *see also State v. Miller*, 238 Or 411, 414, 395 P2d 159 (1964) (evidence sufficient to support conviction where defendant was found driving a car with a gun that was "obvious[ly]" sticking out from under the front seat); *State v. Kelley*, 12 Or App 496, 500, 507 P2d 837 (1973) ("To constitute possession of a *** weapon under ORS 166.270, it is sufficient that defendant have constructive possession and immediate access to the weapon to bring her within the statute.").

There was evidence that defendant had access to his father's room where the cabinet was located. There was evidence from which it could be inferred that the four weapons that formed the bases of the four charges were stored in the same cabinet, and that defendant had, on two separate occasions months apart—one of them shortly before the execution of the search warrant—opened the cabinet, decided to remove a weapon, and then did so. The cabinet was locked when the police arrived, and the jury could, quite reasonably, infer that defendant had locked the cabinet. That was a sufficient evidentiary basis for the jury to conclude that defendant constructively possessed each of the four firearms in the cabinet. The trial court did not err in denying defendant's MJOAs.

We turn to defendant's contention that the trial court erred in refusing to merge the four guilty verdicts into a single conviction. We review for legal error. *State v. Huffman*, 234 Or App 177, 183, 227 P3d 1206 (2010). The relevant statute is ORS 161.067(3), which provides:

> "When the same conduct or criminal episode violates only one statutory provision and involves only one victim, but nevertheless involves repeated violations of the same statutory provision against the same victim, there are as many separately punishable offenses as there are violations, except that each violation, to be separately punishable under this subsection, must be separated from other such violations by a sufficient pause in the defendant's criminal conduct to afford the defendant an opportunity to renounce the criminal intent."

Defendant points to our application of that statute in *State v. Torres*, 249 Or App 571, 277 P3d 641, *rev den*, 352 Or 378 (2012), in support of his argument that the trial court should have merged the four guilty verdicts into a single conviction. The state concedes that under *Torres*, which was decided after defendant was sentenced, the trial court erred in not merging the guilty verdicts for Counts 2 and 4 (concerning the two firearms that were discovered in the cabinet, but that defendant was not seen with), but points to our decision in *State v. Bell*, 246 Or App 12, 264 P3d 182 (2011), *rev den*, 351 Or 678 (2012), and contends that the trial court did not err in refusing to merge the guilty verdicts for Counts 1 and 3 (concerning the firearms that defendant was seen handling).

In *Bell*, the defendant was charged with three counts of being a felon in possession of a firearm for his alleged possession of three different guns. The guns were found in three different places, and there was evidence that the defendant had acquired each weapon from a different person. As is the case here, the defendant argued that ORS 161.067(3) required the trial court to merge the verdicts into a single conviction. We rejected that argument, stating:

> "[T]he record establishes that defendant's acts of possession of the firearms were separate acts. He obtained each firearm from a different person at a different time and then stored each firearm in a different location within his residence. These facts demonstrate, as the trial court ruled, that defendant had the opportunity to renounce his criminal intent at each juncture."

*Bell*, 246 Or App at 17.

In *Torres*, police found 21 firearms in a partially opened gun safe, and the defendant was charged with 21 counts of violating ORS 166.270. Nothing in our opinion suggested that the defendant had acquired the firearms at different times or singled any one of them out for treatment unique from the others. On appeal from the trial court's decision to merge each of the resulting guilty verdicts into a single conviction, the state contended that ORS 166.067 was inapposite in circumstances where the crime in question did not involve a "victim" who was a person. We disagreed, and,

after an examination of the relevant statutory language, concluded that the public is a single collective "victim" of the crime described in ORS 166.270, and that the trial court had properly merged the counts. Because the state did not challenge the application of ORS 166.067(3) on any other ground, we summarily agreed that the other requirements of the statute had been met, concluding that "the trial court properly merged defendant's convictions." *Torres*, 249 Or App at 578.

Reading *Torres* and *Bell* together, the state argues that multiple felon-in-possession guilty verdicts must merge into a single conviction "if the counts involve the simultaneous, non-distinguishable possession of multiple firearms arising out of the same criminal episode." Starting from that proposition, it reasons that defendant committed three distinguishable acts of possession: (1) the storage of all four firearms under the theory of constructive possession; (2) the actual possession of the Star Eibar handgun on December 7, 2010; and (3) the actual possession of the Bushmaster .223 rifle in the summer of 2011. Having thus characterized defendant's criminal conduct, the state, relying on *Bell*, urges that defendant "had the opportunity to consider and renounce his criminal intent with respect to each juncture or act of possession." Defendant counters by observing that the state charged him with committing the crime over a continuing time span, *viz.*, "on or between December 1, 2010 to June 25, 2011." In view of the manner in which the case was charged and tried, defendant reasons that he was found to be in constructive possession of each of the four firearms over a span of time, and that it is therefore illogical to suggest that his two distinct acts of taking the firearms out of the cabinet somehow marked one distinct episode of criminal conduct from another. For the following reasons, we agree with defendant.

As in *Torres*, in contrast to *Bell*, and with regard to what we consider the relevant distinction between those cases, there was not a plausible inference that defendant acquired possession of the different weapons at different times. The criminal "conduct" in this case was defendant's possession of four firearms. "The fact of possession, for purposes of the criminal code, is a 'criminal act of a continuing

nature.'" *State v. Cantrell*, 223 Or App 9, 12, 195 P3d 451 (2008) (quoting *State v. Boyd*, 271 Or 558, 570, 533 P2d 795 (1975)). The only evidence as to when each of the four criminal acts commenced was that they began simultaneously at the moment that defendant first opened the cabinet, observed four firearms therein, and decided to remove one of them; at that moment, he possessed all four of the firearms within the meaning of ORS 166.270. The acts of removing two of the firearms did not constitute new acts of possession, control, or custody apart from or in addition to the possession, control, and custody that he had already established.

Nor was there any evidence that his possession of certain of the weapons ceased and later resumed; that is, it is not possible to conclude from the evidence that there was any "pause" in defendant's criminal conduct to "separate[]" one violation from the others. *See Huffman*, 234 Or App at 184 ("[A] 'sufficient pause' in the context of ORS 161.067(3), is a temporary or brief cessation of a defendant's criminal conduct that occurs between repeated violations and is so marked in scope or quality that it affords a defendant the opportunity to renounce his or her criminal intent."); *State v. Birchard*, 251 Or App 223, 227, 284 P3d 1153 (2012) ("In order for there to be separately punishable offenses against a single victim under ORS 161.067(3), one crime must end before the other begins."). There is no evidence to indicate that defendant's constructive possession over any of the firearms was interrupted until the police executed the warrant. We conclude that the requirements for merger under ORS 161.067(3) were satisfied in this case and that the trial court therefore should have merged the four guilty verdicts into a single conviction.[6]

Convictions for felon in possession of a firearm reversed and remanded with instructions to enter judgment of conviction for one count of felon in possession of a firearm and for resentencing; otherwise affirmed.

---

[6] Our conclusion with respect to that assignment of error obviates any need to address defendant's assignment of error to the trial court's failure to articulate "substantial and compelling" reasons for imposing an upward-departure sentence.