Submitted December 16, 2015, reversed and remanded with instructions to merge the guilty verdicts on Count 2 and Count 3 into a single conviction for felon in possession of a firearm and for resentencing, otherwise affirmed February 3, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KLIFFTON JAMEISON FERGUSON,
*Defendant-Appellant.*

Klamath County Circuit Court
1200493CR; A156696

367 P3d 551

Peter Gartlan, Chief Defender, and Kyle Krohn, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Jonathan N. Schildt, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and DeVore, Judge, and Flynn, Judge.

DUNCAN, P. J.

## DUNCAN, P. J.

In this criminal case, defendant was charged by indictment with one count of unlawful possession of methamphetamine (Count 1), ORS 475.894, and two counts of felon in possession of a firearm (Counts 2 and 3), ORS 166.270(1). A jury found defendant guilty of those charges, and the trial court entered a judgment convicting defendant of all three counts. Defendant appeals that judgment raising two assignments of error.

In his first assignment of error, defendant asserts that the trial court erred by denying his motion for judgment of acquittal (MJOA) on the two felon-in-possession counts. In his second assignment of error, defendant asserts that, even if the trial court did not err by denying his MJOA on the two felon-in-possession counts, it erred by failing to merge the guilty verdicts on those counts into a single conviction; defendant acknowledges that his second assignment of error is unpreserved, but he asks us to exercise our discretion to correct the assigned error as an error apparent on the record, also known as a "plain error." ORAP 5.45(1) (authorizing appellate courts to review errors apparent on the record). In response, the state asserts that the trial court did not err by denying defendant's MJOA on the felon-in-possession counts, but the state concedes that the trial court did err by failing to merge the guilty verdicts on those counts, and the state further concedes that the error is apparent on the record and that we have exercised our discretion to correct such errors in similar cases. For the reasons explained below, we conclude that the trial court did not err by denying defendant's MJOA on the felon-in-possession counts but did err in failing to merge the guilty verdicts on those counts, and we further conclude that the merger error is apparent on the record and that it is appropriate for us to exercise our discretion to review it. Accordingly, we reverse and remand with instructions to merge the guilty verdicts on the felon-in-possession counts into a single conviction, and we otherwise affirm.

We begin with defendant's first assignment of error, in which he argues that the trial court erred by denying his MJOA on the felon-in-possession counts. We review the

denial of an MJOA to determine whether, viewing the evidence in the light most favorable to the state, a rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *State v. King*, 307 Or 332, 339, 768 P2d 391 (1989). Stated in accordance with that standard, the relevant facts are as follows.

Defendant is a convicted felon. Police discovered two rifles in an unlocked spare bedroom in defendant's house, one in an unlocked case on a bed and the other uncased in an unlocked closet. A woman who lived at the house with defendant informed police officers that the rifles had been at the house for one week. Defendant told the officers that the rifles belonged to an acquaintance, Berlt. Defendant also told the officers that he had allowed Berlt to store the rifles at the house and that he had been present the night before when Berlt had shown the rifles to a potential buyer at the house. Berlt was not staying at the house; he was only storing property there.

At defendant's trial, after the state's case-in-chief, defendant moved for a judgment of acquittal on the two felon-in-possession counts, arguing that the state had failed to prove that defendant had "possessed" the firearms. *See* ORS 166.270(1) (offense of felon in possession of a firearm requires that a defendant have possession, custody, or control of a firearm). Relying on *State v. Casey*, 346 Or 54, 61, 203 P3d 202 (2009), in which the Supreme Court noted that, "[a]s a general matter, guests retain dominion and control over their own property when they visit another person's home[,]" defendant argued that the evidence was insufficient to support an inference that Berlt had ceded control of the rifles to defendant. Defendant contended that the state's evidence established only that he had been near the rifles and that "mere proximity is not enough" to establish possession. The trial court denied defendant's motion. The jury found defendant guilty of all of the charged counts. This appeal followed.

We begin with the relevant law. ORS 166.270(1) defines the crime of felon in possession of a firearm; it provides, in part:

"Any person who has been convicted of a felony under the law of this state * * * *who owns or has in the person's possession or under the person's custody or control* any firearm commits the crime of felon in possession of a firearm."

(Emphasis added.) For the purposes of ORS 166.270(1), "'[p]ossess' means to have physical possession or otherwise exercise dominion or control over property." ORS 161.015(9); *Casey*, 346 Or at 59. Possession includes "actual" and "constructive" possession. *Id.* Actual possession means physical possession, that is, "bodily or physical control" of property. *State v. Fries*, 344 Or 541, 546, 185 P3d 453 (2008). Constructive possession means exercising control over property or having the right to do so. *State v. Nunes*, 268 Or App 299, 306, 341 P3d 224 (2014).

Two cases illustrate what does and does not constitute constructive possession: *State v. O'Dell*, 264 Or App 303, 330 P3d 1261 (2014), and *Casey*, 346 Or 54. In *O'Dell*, police officers found four firearms in the defendant's home. All four firearms were located in a locked cabinet in the defendant's father's room. A witness had seen the defendant handling two of the firearms, but, at the defendant's trial, the state presented no evidence that the defendant had handled the other two firearms. 264 Or App at 305-06. On appeal, we concluded that a rational trier of fact could infer that the defendant had constructive possession of the two firearms that he had not handled, because there was evidence that all of the firearms were kept together in the same cabinet, that the defendant had access to the cabinet, and that the defendant had opened the cabinet in the past in order to handle the other two firearms. *Id.* at 308.

In *Casey*, a guest brought a gun into the defendant's trailer. The gun was concealed under the guest's shirt and the defendant was unaware of it. After the guest had been at the trailer approximately 15 minutes, police arrived. The defendant stepped out of the trailer, followed by the guest, who left the gun on a counter by the front door of the trailer and told the officers that he had done so. The officers questioned the defendant outside the trailer and, in response to their questions and with their consent, he reentered the trailer twice to retrieve items. 346 Or at 56-57. On review,

the Supreme Court held that the evidence was insufficient to establish that the defendant constructively possessed the guest's gun. *Id.* at 60-64. Regarding the presence of the gun in the trailer, the court noted that hosts generally do not obtain dominion or control of their guests' property and concluded that

"the evidence in the record suggests only that [the guest] put his gun aside briefly while he spoke with the police. That act is not enough to suggest that [the guest] entrusted his gun to defendant, left the gun in defendant's custody, or somehow gave defendant the right to exercise dominion or control over it."

*Id.* at 61. Regarding the defendant's reentry into the trailer, the court concluded that

"[t]he fact that the officers permitted defendant to reenter the trailer for a limited purpose—to retrieve specific items—provides no basis for saying that defendant exercised dominion and control over the gun. At most, defendant's entry into the trailer establishes proximity between defendant and the gun for a brief period of time and, without more, is not sufficient to establish constructive possession."

*Id.* at 62-63.[1]

In this case, the state argued a constructive possession theory to the jury, and, on appeal, the parties focus on

---

[1] In *Casey*, there was also evidence that, when an officer walked toward the trailer to retrieve the gun, the defendant objected to the officer's entry, raced to the trailer door, and grabbed the officer's arm. The court concluded that that evidence could support two factual inferences, but neither inference was sufficient to establish constructive possession. *Id.* at 57, 63. First, the court explained, the defendant's efforts could support an inference that he "was attempting to enter the trailer to retrieve the gun himself[,]" but, according to the court, that inference would establish "at most attempted possession[,]" because the defendant's "unsuccessful attempt cannot convert his lack of possession into completed possession." *Id.* Second, the court explained, the defendant's efforts could support an inference that he "was attempting to block the officers from entering his home[,]" but,

"[i]f, as we have concluded, defendant's ownership of his home was not sufficient to permit an inference that defendant possessed the gun that [the guest] briefly left there,*** defendant's assertion of his right to control the officer's entry into his home does not somehow transfer possession of [the guest's] gun to defendant. Nothing about the relationship between defendant and the gun changed by virtue of defendant's assertion of that broader right."

*Id.* at 63-64.

constructive possession in their briefing. Defendant argues that this case is more like *Casey* than *O'Dell*. He concedes that the record supports an inference that defendant "knowingly permitted Berlt to bring guns into defendant's home[,]" but he asserts that the state failed to establish that he constructively possessed the guns, because it failed to present evidence from which a rational trier of fact could find that he had dominion or control over the guns.

The state asserts that a rational trier of fact could find that defendant "exercised control over the guns or had the right to control them, either exclusively or jointly[,]" because "[d]efendant knowingly kept the guns in his house for a week; Berlt entrusted his guns to defendant, leaving them in the house when Berlt was gone; and defendant stood by for Berlt's attempted gun sale." The state argues that, because a rational trier of fact could find that defendant had the right to control the guns, the state established constructive possession. We agree with the state.

Here, the evidence was that the rifles were in a spare bedroom in defendant's house because defendant had agreed to store them for Berlt. Thus, this case is distinguishable from *Casey*. Berlt did not simply set the guns down at defendant's house during a visit, and defendant was not simply near the guns; the evidence was that defendant had knowingly housed the guns for Berlt for a week while Berlt was staying elsewhere. In addition, the guns were readily accessible to defendant; they were in an unlocked spare bedroom, and they were not in locked cases. From that evidence, a rational trier of fact could find that what was missing in *Casey* is present in this case: Berlt "entrusted his gun to defendant, [and] left the gun in defendant's custody[.]" *Casey*, 346 Or at 61. From that evidence, the jury could infer that defendant had the ability to exercise control or dominion over the guns. Accordingly, the trial court did not err in denying defendant's MJOA, because there was sufficient evidence from which the jury could find that defendant had constructive possession of the firearms.

In his second assignment of error, defendant argues that (1) the two guilty verdicts for felon in possession of a firearm should merge because defendant's conduct violated

only one statutory provision, involved only one victim, and was not separated by a sufficient pause to justify two convictions; (2) the trial court's failure to merge the verdicts constitutes plain error; and (3) it is appropriate for us to exercise our discretion to review the error and remand the case for resentencing. The state agrees, and so do we.

If a defendant is found guilty of multiple counts based on the same conduct and the conduct violates "only one statutory provision," the guilty verdicts on those counts merge unless the conduct "involves two or more victims," ORS 161.067(2), or the violations are separated "by a sufficient pause in the defendant's criminal conduct to afford the defendant an opportunity to renounce the criminal intent[,]" ORS 161.067(3). Here, the two felon-in-possession counts were both based on ORS 166.270(1), there was only one victim, the public, and the record indicates that defendant came into possession of the two firearms at the same time and his possession was a continuing crime; therefore, the trial court should have merged the guilty verdicts on both counts. *See State v. Torres*, 249 Or App 571, 578, 277 P3d 641, *rev den*, 352 Or 378 (2012) (merger of guilty verdicts on 21 felon-in-possession counts was proper because there is only one victim for those crimes—the public—and there was no evidence of a sufficient pause in the criminal conduct); *see also O'Dell*, 264 Or App at 310-11 (guilty verdicts on four felon-in-possession counts merged where the defendant acquired possession of the firearms at the same time and his constructive possession of the firearms continued while they were in his house).

The trial court's error in failing to merge the verdicts on the counts is apparent on the record because the error is one of law, the point of law is not reasonably in dispute in light of *O'Dell* and *Torres*, and we need not go outside the record or select among competing inferences to identify it. *See State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990) (listing requirements for plain-error review); *cf. State v. Anderson*, 264 Or App 183, 184, 331 P3d 1052, *adh'd to as modified on recons*, 265 Or App 222, 333 P3d 1250, *rev den*, 356 Or 575 (2014) (concluding that failure to merge guilty verdicts for two counts of unlawful possession of a controlled substance was plain error under *Torres* and

ORS 161.067(3)). And, for several reasons, it is appropriate for us to exercise our discretion to correct the error, as we have in similar cases. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991) (identifying factors relevant to whether a court should exercise its discretion to correct a plain error); *State v. Fults*, 343 Or 515, 523, 173 P3d 822 (2007) (identifying additional factors); *State v. Valladares-Juarez*, 219 Or App 561, 564-65, 184 P3d 1131 (2008) (exercising discretion to correct, as plain error, trial court's failure to merge guilty verdicts). First, the error is grave, in that the presence of an additional felon in possession of a firearm conviction on defendant's criminal record "misstates the nature and extent of defendant's conduct and could have significant implications with regard to any future calculation of his criminal history." *Valladares-Juarez*, 219 Or App at 564. Second, the state has no interest in convicting defendant twice for the same crime; consequently, the competing interests of the parties weigh in favor of exercising our discretion to correct the error. Third, we cannot identify any strategic reason that defendant may have had for not objecting to the entry of separate convictions. Fourth, we cannot "identify any reason why the ends of justice would not be served by ensuring that defendant's criminal record accurately reflects the crimes for which he has been convicted." *Id.* at 565. Finally, the burden on the judicial system in amending the judgment and resentencing defendant is minimal. *State v. Camacho-Alvarez*, 225 Or App 215, 217, 200 P3d 613 (2009).

Reversed and remanded with instructions to merge the guilty verdicts on Count 2 and Count 3 into a single conviction for felon in possession of a firearm and for resentencing; otherwise affirmed.