Submitted October 29; conviction on Counts 3 through 8 reversed and remanded for entry of judgment of conviction for three counts of first-degree criminal mistreatment, otherwise affirmed December 4, 2019

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHRISTOPHER LEE BELCHER,
*Defendant-Appellant.*

Multnomah County Circuit Court
17CR12881; A167641

455 P3d 1043

Leslie M. Roberts, Judge.

Frances J. Gray filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joanna Hershey, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and DeVore, Judge, and Powers, Judge.

PER CURIAM

Conviction on Counts 3 through 8 reversed and remanded for entry of judgment of conviction for three counts of first-degree criminal mistreatment; otherwise affirmed.

## PER CURIAM

Defendant appeals a judgment of conviction for two counts of tampering with a witness, ORS 162.285 (Counts 1 and 2); three counts of first-degree criminal mistreatment, ORS 163.205 (Counts 3, 5, and 7); three counts of fourth-degree assault, ORS 163.160 (Counts 4, 6, and 8); and two counts of harassment, ORS 166.065 (Counts 9 and 10). In his first assignment of error, defendant argues that the trial court plainly erred in failing to merge the guilty verdicts on the fourth-degree assault counts with the corresponding convictions on the first-degree criminal mistreatment counts. In his second assignment of error, defendant argues that the court erred in denying his motion for judgment of acquittal on the two harassment counts. We affirm in part and reverse in part.

Starting with the second assignment of error, we conclude that the trial court was correct to deny defendant's motion for judgment of acquittal and reject that assignment of error without further discussion.

With respect to defendant's first assignment of error, the state concedes that the trial court plainly erred when it failed to merge the verdicts on the fourth-degree-assault counts with the verdicts on the corresponding counts of first-degree criminal mistreatment. As charged in this case, the elements of fourth-degree assault are subsumed into the elements of first-degree criminal mistreatment. *See State v. Smythe*, 298 Or App 821, 822, 448 P3d 693 (2019) (guilty verdicts for conduct in a criminal episode that violate two or more statutory provisions merge if all of the elements in one provision are subsumed into the elements of the other provision). We agree with and accept the state's concession that the trial court plainly erred in failing to merge Counts 4, 6, and 8 into defendant's convictions on Counts 3, 5, and 7.

For the reasons expressed in *State v. Ferguson*, 276 Or App 267, 275, 367 P3d 551 (2016), we agree with the parties that it is appropriate to exercise our discretion to correct the court's failure to merge the verdicts. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956

(1991) (in exercising our discretion, we consider the competing interests of the parties, the nature of the case, the gravity of the error, and the ends of justice in the particular case).

Conviction on Counts 3 through 8 reversed and remanded for entry of judgment of conviction for three counts of first-degree criminal mistreatment; otherwise affirmed.