No. 537                June 11, 2025                295

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KIRK JOSEPH GALLUP,
aka Kirk Gallup, aka Kirk J. Gallup,
*Defendant-Appellant.*

Jackson County Circuit Court
22CR28782, 22CR36383; A183016 (Control), A183018

Laura A. Cromwell, Judge.

Submitted April 23, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stacy M. Du Clos, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

PAGÁN, J.

Remanded for resentencing in Case No. 22CR28782 and Case No. 22CR36383; otherwise affirmed.

**PAGÁN, J.**

In this consolidated appeal, defendant appeals from two probation revocation judgments. Defendant pleaded no contest in Case Nos. 22CR28782 and 22CR36383. He was sentenced, pursuant to the parties' stipulation, to identical terms of probation, with suspended upward durational-departure sentences of imprisonment and post-prison supervision. He was later found in violation of a probation condition and was sentenced to the stipulated prison sentences, with the terms of imprisonment to be served consecutively. In his first assignment of error, defendant challenges the sufficiency of the evidence for the finding that he was in violation of probation. In his second and third assignments of error, defendant challenges his sentence. We conclude that the trial court did not err in finding that defendant was in violation of probation, we accept the state's concession that defendant's sentences must be imposed concurrently, and we agree that defendant's remaining challenge is moot. Accordingly, we remand for resentencing and otherwise affirm.

In his first assignment of error, defendant contends that there was insufficient evidence to find that he possessed prohibited items because the evidence showed only that he lived in a house in which his father kept simulated firearms and knives. We review a trial court's decision to revoke probation for abuse of discretion. *State v. Kacin*, 237 Or App 66, 72-73, 240 P3d 1099 (2010). A trial court abuses its discretion if it revokes probation based on insufficient evidence. *State v. Monroe*, 275 Or App 563, 564, 365 P3d 140 (2015). As explained below, we conclude that the trial court did not abuse its discretion in finding that defendant possessed weapons in violation of a probation condition.

The state's motion to show cause why probation should not be revoked alleged that defendant "has possessed firearms (actual or simulated), ammunition, or weapons," in violation of his probation. At the probation revocation hearing, defendant's probation officer testified that, upon entering defendant's residence for a home visit, she saw "a large knife sticking out of the floorboard of the home." Inside the house, she observed numerous knives, simulated

weapons, and ammunition. Defendant's mother told the probation officer that defendant lives in the house by himself. Defendant told her that "his home had been broken into, a lot of things that were located in the home were his father's. He was cleaning it up, and he just didn't have time to do it." Defendant's father testified that he was in the process of moving to a new house but still kept things at the house where defendant was living, including "quite a few" guns that appear real and ammunition. He also explained that he bought a lot of knives after viewing a late-night commercial, some of which turned out to be worthless, and some of which were real.

A violation of a condition of probation may be proved by a preponderance of the evidence. *State v. Gonzalez*, 212 Or App 1, 4-5, 157 P3d 266 (2007). Based on the evidence at the hearing, we conclude that the trial court did not abuse its discretion in finding by a preponderance of the evidence that defendant possessed weapons in violation of his probation. Even if these items did not belong to defendant, it is not disputed that they were located in a house where he resides, and that he had ready access to them. That is sufficient to show that he "possessed firearms (actual or simulated), ammunition, or weapons," in violation of his probation. *See State v. O'Dell,* 264 Or App 303, 308, 330 P3d 1261 (2014) (evidence sufficient to prove that the defendant constructively possessed weapons in a locked cabinet when there was evidence that the defendant was able to and did access the cabinet).

In his second assignment of error, defendant contends that the trial court erred when it imposed consecutive terms of imprisonment after revoking defendant's probation on the basis of a single violation. Defendant stipulated to a suspended sentence of 60 months' imprisonment in Case No. 22CR28782 and 16 months' imprisonment in Case No. 22CR36383. The trial court imposed the stipulated sanctions consecutively for an aggregate prison sentence of 76 months. That was error under OAR 213-012-0040(2)(a), which provides that "[i]f more than one term of probationary supervision is revoked for a single supervision violation, the sentencing judge shall impose the incarceration sanctions

concurrently." *State v. Rusen*, 369 Or 677, 703, 509 P3d 628 (2022) (construing OAR 213-012-0040(2) and holding: "If multiple terms of probation are revoked for a single violation, then the trial court must impose the sanctions concurrently."). The state concedes the error. We accept the state's concession and remand to the trial court for resentencing.

In his third assignment of error, defendant challenges his sentence in Case No. 22CR28782 as exceeding the statutory maximum. Since the filing of defendant's opening brief, that error has been corrected in an amended judgment pursuant to defendant's motion to correct. We agree with the parties that that assignment of error is therefore moot.

Remanded for resentencing in Case No. 22CR28782 and Case No. 22CR36383; otherwise affirmed.