LAGESEN, P. J.
*56 Defendant appeals a judgment of conviction for multiple offenses, including two counts of witness tampering, Counts 12 and 13. He raises three assignments of error in his brief filed through counsel, and an additional six assignments of error in a pro se supplemental brief filed under ORAP 5.92. For the reasons explained below, in response to defendant's third assignment of error through counsel, we vacate defendant's convictions on Counts 12 and 13 and remand to the trial court to consider whether the guilty verdicts on those counts merge in view of ORS 161.067(3). We reject defendant's remaining assignments of error without written discussion.
Defendant's third assignment of error in the brief filed by counsel asserts that the trial court erred when it failed to merge the guilty verdicts on Counts 12 and 13. The trial court concluded that the two verdicts did not merge because they were charged under "two or more statutory provisions" within the meaning of ORS 161.067(1) :[1] Count 12 was based on one subsection of the witness tampering statute, ORS 162.285(1)(a), and Count 13 was based on a different subsection, ORS 162.285(1)(b). Defendant argues that that conclusion is erroneous in view of State v. Jenkins , 280 Or. App. 691, 695-96, 383 P.3d 395 (2016), rev. den. , 360 Or. 752, 388 P.3d 725 (2017), which held that ORS 162.285(1)(a) and ORS 162.285(1)(b) do not constitute separate statutory provisions for purposes of ORS 161.067(1). Defendant argues further that no other provision of ORS 161.067 would prohibit merger.
The state concedes that, under Jenkins , the trial court erred when it concluded that the guilty verdicts on Counts 12 and 13 were based on separate statutory provisions and that ORS 161.067(1) therefore precluded merger. The state notes, however, that there is some evidence suggesting *57 that ORS 161.067(3)[2] may be applicable, such that we should vacate the convictions and "remand the verdicts for resentencing so that the sentencing court may consider whether the facts preclude merger pursuant to ORS 161.067(3)." The state observes that we took a similar approach in State v. Reeves , 250 Or. App. 294, 280 P.3d 994 (2012), in which we vacated convictions where the trial court erroneously *172 concluded that ORS 161.067(3) precluded merger and remanded for the trial court to consider the potential applicability of ORS 161.067(2).
We agree with the parties that, under Jenkins , the trial court erred when it concluded that ORS 161.067(1) precluded merger of the verdicts on Counts 12 and 13. We further agree with the state that it is appropriate to remand to the trial court to determine whether ORS 161.067(3) precludes merger, similar to our disposition in Reeves .
Convictions on Counts 12 and 13 vacated; remanded with instructions to determine whether those counts merge in view of ORS 161.067(3) and entry of conviction or convictions, and for resentencing; otherwise affirmed.

ORS 161.067(1) provides:
"When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations."

ORS 161.067(3) states, in relevant part:
"When the same conduct or criminal episode violates only one statutory provision and involves only one victim, but nevertheless involves repeated violations of the same statutory provision against the same victim, there are as many separately punishable offenses as there are violations, except that each violation, to be separately punishable under this subsection, must be separated from other such violations by a sufficient pause in the defendant's criminal conduct to afford the defendant an opportunity to renounce the criminal intent."