Submitted April 7, 2020; judgment on Claim 2(a) reversed and remanded, otherwise affirmed November 3, 2021

JOSEPH WAYNE KURTZ,
*Petitioner-Appellant,*

*v.*

Brad CAIN,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
17CV11433; A168758

500 P3d 685

Petitioner appeals a judgment denying him post-conviction relief, contending that the post-conviction court erred in concluding that he had failed to establish either (1) that his trial counsel had performed deficiently in failing to request merger of two of petitioner's counts, or (2) that counsel's allegedly deficient performance had prejudiced him. *Held*: Trial counsel performed inadequately and that inadequate performance prejudiced petitioner.

Judgment on Claim 2(a) reversed and remanded; otherwise affirmed.

_____

Dale Penn, Senior Judge.

Lindsey Burrows and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Brewer, Senior Judge.

DeHOOG, J.

Judgment on Claim 2(a) reversed and remanded; otherwise affirmed.

## DeHOOG, J.

Petitioner appeals a judgment denying him post-conviction relief. He assigns error to the post-conviction court's denial of two of his claims, in which he asserted that his trial counsel had provided inadequate and ineffective assistance of counsel under Article I, section 11, of the Oregon Constitution and the Sixth and Fourteenth Amendments to the United States Constitution.[1] We reject petitioner's first assignment of error without discussion. In his second assignment of error, petitioner contends that the post-conviction court erred in concluding that he had failed to establish either (1) that his trial counsel had performed deficiently in failing to request merger of two of petitioner's counts, or (2) that counsel's allegedly deficient performance had prejudiced him. As we explain below, we agree with petitioner in both respects. Accordingly, we reverse and remand.

The relevant facts are procedural and undisputed. A jury found petitioner guilty of, among other charges, seven counts of tampering with a witness. Two of those counts, Counts 9 and 10, are the ones at issue in petitioner's second assignment of error. Both counts were charged under the same statute, ORS 162.285, which provides as follows:

"(1)  A person commits the crime of tampering with a witness if:

"(a)  The person knowingly induces or attempts to induce a witness or a person the person believes may be called as a witness in any official proceeding to offer false testimony or unlawfully withhold any testimony; or

"(b)  The person knowingly induces or attempts to induce a witness to be absent from any official proceeding to which the person has been legally summoned.

"(2)  Tampering with a witness is a Class C felony."

Count 9 asserted a violation of ORS 162.285(1)(b) and alleged that petitioner had induced or attempted to

---

[1] The performance standards for those claims are functionally equivalent. *Montez v. Czerniak*, 355 Or 1, 6-7, 322 P3d 487, *adh'd to as modified on recons*, 355 Or 598, 330 P3d 595 (2014). Throughout this opinion, we use the phrase "inadequate assistance of counsel" to refer to both standards.

induce the victim "to absent herself from an official proceeding to which said witness had been legally summoned." Count 10 was charged under ORS 162.285(1)(a) and alleged that petitioner had induced or attempted to induce the victim, "a person [who] the said defendant believed may be called as a witness in an official proceeding, to withhold testimony unlawfully." At trial, the prosecutor specified that Counts 9 and 10 were based on the same conduct by petitioner, which took place during a phone call to the victim.

The jury found petitioner guilty of all counts, including Counts 9 and 10. Trial counsel did not contend that Counts 9 and 10 should merge, and the trial court entered a separate conviction on each of those two counts.

In petitioner's second claim in his petition for post-conviction relief, petitioner alleged, among other things, that counsel had performed inadequately in failing to argue for merger as to Counts 9 and 10 and that the resulting entry of an additional conviction prejudiced him. The post-conviction court rejected the claim, holding that Counts 9 and 10 did not merge.

To obtain post-conviction relief based on an allegation of inadequate assistance of counsel, a petitioner must demonstrate two things: (1) that trial counsel failed to exercise reasonable professional skill and judgment; and (2) that the petitioner suffered prejudice as a result. *Gable v. State of Oregon*, 353 Or 750, 758, 305 P3d 85 (2013) (citing *Lichau v. Baldwin*, 333 Or 350, 359, 39 P3d 851 (2002)); *see* ORS 138.530(1)(a) (providing for post-conviction relief when there has been a "substantial denial in the proceedings resulting in petitioner's conviction *** of petitioner's rights under the Constitution of the United States, or under the Constitution of the State of Oregon, or both, and which denial rendered the conviction void"). We review post-conviction proceedings for legal error. *Bumgarner v. Nooth*, 254 Or App 86, 93, 295 P3d 52 (2012).

On appeal, petitioner contends that, contrary to the post-conviction court's conclusion, case law establishes that the trial court should have merged Counts 9 and 10 into a single conviction. He notes that, in *State v. Jenkins*, 280 Or App 691, 693, 383 P3d 395 (2016), *rev den*, 360 Or 752 (2017),

we accepted the state's concession that, when "a defendant is found guilty of multiple counts of tampering with a witness based on a single act, the guilty verdicts merge under ORS 161.067, even though the counts involve different ways of violating the statute." Although *Jenkins* had not yet been decided in 2013, when petitioner's criminal trial took place, he contends, as he did to the post-conviction court, that, given the state of merger law at the time of his underlying trial, all reasonable criminal defense counsel would have raised the issue.

Notwithstanding the post-conviction court's contrary understanding, the superintendent does not dispute that *Jenkins* controls and that, under the principles set forth in that case, Counts 9 and 10 should have merged. Instead, the superintendent asks us to affirm on an alternative ground. He contends for the first time on appeal that not all reasonable trial counsel would have sought merger under the circumstances. That is so, he argues, because, to do so, "trial counsel would have been required to research and analyze the structure, text, context, and legislative history of ORS 162.285(1), and argue that the legislature intended the separate subsections of that statute to constitute a single crime." According to the superintendent, all of that was simply too much work for trial counsel to undertake, given that, even after the merger of Counts 9 and 10, defendant would have been convicted of six counts of witness tampering and likely would have received the same sentence.

Assuming, without deciding, that this is an appropriate situation in which to consider an argument other than the one presented to the post-conviction court, we reject the superintendent's new contention. We first note that he does not contend that the law of merger was too unsettled to expect all reasonable counsel to argue for merger of the witness-tampering counts at issue here, which were charged under different paragraphs of the same statute and were based on the same conduct. Nor would such an argument be well taken, given that the merger principles that led to our conclusion in *Jenkins*—which at the time were already clear enough for the state to concede the issue—were established years before petitioner's criminal trial took place in 2013. *See, e.g.*, *State v. White*, 346 Or 275, 283-84, 211 P3d 248

(2009) (analysis of whether a defendant's conduct violates "two or more statutory provisions" under ORS 161.067(1) requires "consideration of whether the sections, although addressing different concerns" (because they have different elements) "also may address, on a more general level, one unified legislative objective"); *State v. Crawford*, 215 Or App 544, 553-54, 171 P3d 974 (2007), *rev den*, 344 Or 280 (2008) (summarizing then-existing case law regarding merger under ORS 161.067(1)); *see also, e.g.*, *Ross v. Hill*, 235 Or App 340, 213 P3d 1185, *rev den*, 349 Or 56 (2010) (holding that, at the time of the petitioner's sentencing on multiple kidnapping convictions in 2004—nine years before petitioner's trial in this case—"[i]n light of [two then-recent appellate decisions regarding ORS 161.067(1)], and the similarity in the structure of the aggravated murder statutes, the burglary statutes, and those involving kidnapping, \*\*\* reasonable counsel should also have concluded that raising the issue of merger in the context of kidnapping was likely to be beneficial to petitioner"). Thus, by the time of petitioner's criminal trial in 2013, all reasonable trial counsel would have sought merger of guilty verdicts on two counts charged under the same statute for the same conduct.

As noted, rather than contending that the applicable law was unsettled, the superintendent argues that the analysis required to develop an argument in favor of merger in this case was so onerous that, even if the possibility of merger should have been obvious to counsel, reasonable counsel could have chosen to forgo such an effort. The superintendent points out that our analysis in *Jenkins* was detailed and comprehensive and asserts that trial counsel's time would not have been well spent researching and crafting such a statutory analysis. That may well be true. However, that argument overlooks the fact that counsel would not have had to engage in that level of analysis merely to alert the trial court that merger was appropriate and, at a minimum, preserve the issue for appeal. *See State v. Walker*, 350 Or 540, 550, 258 P3d 1228 (2011) ("Particularly in criminal cases, in which there is a premium on considerations of cost and speed, the realities of trial practice may be such that fairly abbreviated short-hand references suffice to put all on notice about the nature of a party's arguments."); *see*

*also State v. G. L. D.*, 253 Or App 416, 422 n 3, 290 P3d 852 (2012), *rev den*, 354 Or 597 (2013) (youth's merger argument was preserved despite counsel's failure to cite the relevant subsection of ORS 161.067 or explicitly argue that an insufficient pause separated the youth's crimes; despite those deficiencies, the juvenile court was able to understand and address the youth's argument).

The superintendent also argues that trial counsel was not inadequate, because, given petitioner's criminal history and the number of additional convictions entered in this case, the entry of one witness-tampering conviction fewer was not likely to affect his sentence in this case or in future cases. That also may be true. However, we have often noted the importance of having a person's criminal history accurately reflect the person's criminal conduct. As we have explained,

> "the legislature intended that the number of convictions on a person's record accurately reflect that person's criminal conduct—including that the record not portray the person as having engaged in more acts of criminal conduct than the person actually committed. Accurate characterization of a person's criminal history is important for both legal reasons and as a matter of human dignity and reputation."

*State v. K. R. S.*, 298 Or App 318, 329, 449 P3d 511 (2019); *State v. Ferguson*, 276 Or App 267, 275, 367 P3d 551 (2016) ("[W]e cannot 'identify any reason why the ends of justice would not be served by ensuring that defendant's criminal record accurately reflects the crimes for which he has been convicted.'" (Quoting *State v. Valladares-Juarez*, 219 Or App 561, 565, 184 P3d 1131 (2008).)).

Given that, as we have concluded, the merger issue should have been obvious to trial counsel and would not have been burdensome to raise, the fact that it had relatively little practical effect does not outweigh the need for trial counsel to raise it in order to protect petitioner's interest in accurate characterization of his criminal history. In failing to do so, trial counsel performed inadequately.

The superintendent does not contend that counsel's failure to argue for merger of Counts 9 and 10 did not prejudice petitioner, and we readily conclude that it did: It led to

the entry of two convictions when petitioner's conduct merited only one.

Judgment on Claim 2(a) reversed and remanded; otherwise affirmed.