No. 97 February 14, 2024 739

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

EDDIE TAMARAS SILAS,
*Defendant-Appellant.*

Washington County Circuit Court
21CR32925; A178890

Eric Butterfield, Judge.

Submitted December 11, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sara F. Werboff, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant. Eddie T. Silas filed a supplemental brief *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joanna Hershey, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

SHORR, P. J.

Convictions on Counts 7 and 8 reversed and remanded for entry of judgment of conviction for one count of tampering with a witness; remanded for resentencing; otherwise affirmed.

**SHORR, P. J.**

Defendant appeals from a judgment of conviction for attempted murder in the second degree, ORS 163.115, ORS 161.405 (Count 1); assault in the second degree, ORS 163.175 (Count 2); two counts of unlawful use of a weapon (UUW), ORS 166.220 (Counts 3 and 4); felon in possession of a firearm, ORS 166.270(2) (Count 5); harassment, ORS 166.065(4) (Count 6); and two counts of witness tampering, ORS 162.285 (Counts 7 and 8). Defendant raises four assignments of error, two through counsel and two *pro se*. We reject all but defendant's second counseled assignment of error. As to that assignment, the state concedes that the trial court erred by failing to merge the guilty verdicts for Counts 7 and 8. We agree and accept that concession. We reverse and remand for resentencing so that the trial court can merge the two witness tampering verdicts (Counts 7 and 8) into one conviction.

Only a brief recitation of the underlying facts is needed to provide context for our decision. At trial, the prosecutor played for the jury a recording from a jail telephone call between defendant and an acquaintance. On that recording, the jury heard defendant say, "I need a lawyer" in response to the acquaintance's question, "Have you talked to anybody?" Almost immediately thereafter the prosecutor told the jury to "disregard that" and moved on to another recording.

In defendant's first assignment of error, defendant argues that the trial court should have granted his motion for a mistrial because it was improper for the jury to consider defendant's statement that he "need[ed] a lawyer."[1] Defendant argues that the statement amounted to an exercise of the constitutional right to counsel in a context that implied his guilt and thereby impeded defendant's right to a fair trial. We disagree. Defendant is correct that "[a] reference by the prosecutor *** that the defendant exercised a constitutional right, such as the right to counsel *** may prejudice the defendant's ability to have a fair trial." *State v.*

---

[1] In his opening brief, defendant also argues that that testimony was inadmissible under OEC 401 and 403. Those arguments were not preserved for appeal, so we do not reach them.

*Veatch*, 223 Or App 444, 455-56, 196 P3d 45 (2008). But that proposition is only true "if the jury is likely to infer that the defendant exercised the right because he or she was guilty of the charged offense." *Id.* Accordingly, when the context of an invocation makes an inference of guilt unlikely, "the trial court does not abuse its discretion if it denies the defendant's motion for a mistrial." *Id.* at 456.

Here, it is unlikely that the circumstances surrounding defendant's statement to his acquaintance that he "need[ed] a lawyer" created an inference of guilt such that it prejudiced defendant's right to a fair trial. Unlike the paradigmatic case where a defendant invokes their right to counsel in response to questions from the police or a state agent, defendant stated that he "need[ed] a lawyer," in response to an acquaintance's question "have you talked to anybody?" *Compare Veatch*, 223 Or App at 460 (likely adverse inference of guilt where jury was informed that the defendant invoked the right to counsel in response to being asked to submit to a potentially incriminating breath test) *with State v. Smallwood*, 277 Or 503, 508, 561 P2d 600 (1977) (no likely inference of guilt where jury was informed that the defendant requested that his attorney be present at a state administrated psychiatric evaluation).[2] In addition, the jury was already aware that these were recorded calls that defendant made from jail, which gave context to why defendant told his acquaintance he needed to speak with a lawyer. Even assuming that it was an invocation of a right, it was unlikely in that context that the jury would infer that defendant discussed needing to talk to an attorney because he was guilty rather than simply because he was in jail. Further, the prosecutor immediately told the jury to "disregard" the statement and promptly moved forward with the trial. *See Veatch*, 223 Or App at 456-57 (explaining that, when jury's attention is directed away from invocation of right, the adverse inference of guilt becomes less likely). The exhibit was redacted and the conversation was

---

[2] This case is also unlike *State v. Ashbaugh*, 330 Or App 680, ___ P3d ___ (2024), which we decided on the same day as this case. In *Ashbaugh*, the prosecutor commented in closing argument on defendant's invocation of his constitutional right to remain silent, suggested to the jury that it could infer defendant's guilt from that silence, and prejudiced defendant's right to a fair trial. *Id.* at 686-88.

not mentioned again. For those reasons, we conclude that the trial court did not abuse its discretion in denying defendant's motion for mistrial.

Turning to defendant's second assignment of error, defendant contends that the trial court erred when it failed to merge the guilty verdicts for Counts 7 and 8 (two counts of witness tampering). The state concedes that error and we accept the state's concession. When a defendant is "found guilty of multiple counts of tampering with a witness based on a single act, the guilty verdicts merge under ORS 161.067, even though the counts involve different ways of violating the statute." *State v. Jenkins*, 280 Or App 691, 693, 383 P3d 395 (2016), *rev den*, 360 Or 752 (2017). Here, the state charged defendant with two counts of witness tampering based on his attempts to induce a witness to not appear before the grand jury (Count 7) and to induce that witness to provide false testimony (Count 8). Ultimately, the trial court did not merge the guilty verdicts because it concluded that there were "two charges for two separate phone calls, two separate incidences of tampering." Having reviewed the record, there is no evidence from which a reasonable fact-finder could find that the state relied on separate acts to prove each count of witness tampering. On the contrary, the record reflects, and the state concedes, that the state "focused only on one jail call to support both charges." As a result, we conclude that the court erred by not merging the verdicts and we reverse and remand for resentencing. ORS 138.257(4).

We reject defendant's *pro se* assignments of error on procedural grounds. To be considered on appeal, an issue "ordinarily must first be presented to the trial court." *Peeples v. Lampert*, 345 Or 209, 218-19, 191 P3d 637 (2008). The basis for defendant's first *pro se* assignment of error— that he was denied his confrontation rights because the victim was not present at trial—was never argued before the trial court and is thus unreviewable on appeal. Indeed, even if defendant preserved that argument, he misunderstands his constitutional right to confront *testifying* witnesses as a right to compel witnesses to testify in the first instance. *See State v. Herrera*, 286 Or 349, 353-54, 594 P2d 823 (1979)

(explaining the right of confrontation). Lastly, defendant's second *pro se* assignment of error does not comply with ORAP 5.45(3), which requires that "[e]ach assignment of error must identify precisely the legal, procedural, factual, or other ruling that is being challenged." Defendant argues that certain evidence should have been suppressed as a matter of law, but fails to identify an evidentiary motion or ruling that ever presented that legal issue to the trial court for decision, *i.e.* a motion to suppress.

In sum, we accept the state's concession as to defendant's second counseled assignment of error but conclude that the court did not otherwise err.

Convictions on Counts 7 and 8 reversed and remanded for entry of judgment of conviction for one count of tampering with a witness; remanded for resentencing; otherwise affirmed.